## Richmond

## PAULA SUE SMARR v. COMMONWEALTH OF VIRGINIA

August 31, 1978.

Record No. 771473.

Present: All the Justices.

C. *Frank Morton, III,* for appellant.

*Vera S. Warthen, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief) for appellee.

PER CURIAM.

Paula Sue Smarr was found guilty by the trial court sitting without a jury of malicious wounding of one of her children, a three-and-one-half-year-old son. We awarded a writ of error to the June 1977 judgment of conviction, which suspended imposition of sentence for a period of ten years.

Among the several assignments of error presented, we will address only one, namely: Did the trial court err in permitting the Commonwealth to present evidence of two prior injuries suffered by the child?

In the late afternoon of December 2, 1976, Richard Smarr, Jr., was hospitalized for treatment of a fracture of his right tibia, the "shin bone", suffered earlier in the day at his Richmond home while the defendant was attempting to put on the child's shoes. There were no eyewitnesses, but the medical testimony showed that the break was a "spiral fracture" which resulted from a substantial twisting force or torque.

The Commonwealth sought to prove the requisite intent by offering evidence to show that defendant physically abused her children in the past. For example, without objection, a witness testified that defendant stated she had previously appeared on a local television program concerned with child abuse "as an abusing parent in association with Parents Anonymous."

The defendant maintained that the injury was accidental. She testified that as she was holding her son on his back on a couch, attempting to place a shoe on his right foot, the child, who was described as "a very active boy", suddenly "flopped over on his stomach" while she was grasping his ankle and she heard the leg "pop". She stated the boy was reaching for a stuffed animal lying on the other end of the sofa.

Over defendant's proper objection, the trial court permitted a medical witness for the Commonwealth to state that hospital records showed: (1) that when the child was ten months old, "he hit his head while out walking, and sustained a small laceration, which was sutured" and (2) that when the child was 15 months old "he again fell down and cut his head, and he had a 15 millimeter superficial laceration." The admission of this testimony was error.

■The Commonwealth's evidence failed to demonstrate that the defendant's conduct caused or contributed to either of the prior injuries or that only defendant had access to the child at the time of those events. *Cf. United States* v. *Woods,* 484 F.2d 127 (4th Cir. 1973), *cert. denied,* 415 U.S. 979 (1974) (evidence of repeated incidents of injury to children in defendant's care was admitted to prove a crime of infanticide). Here, the prosecution merely showed that the injuries occurred, and nothing more. Hence, under these circumstances, the bare fact that the child had been injured previously had no probative value upon the question of defendant's intent at the time of this alleged criminal act, and was inadmissible.

■ And we cannot say, as the Attorney General urges, that the admission of the evidence was harmless beyond a reasonable doubt. Rather, we think the error was highly prejudicial to defendant. Her testimony supporting an accidental injury was in sharp conflict with the contrary inferences flowing from the Commonwealth's circumstantial evidence. Moreover, it is apparent to us from a review of the trial judge's comments accompanying the finding of guilt that he placed great weight upon the evidence in question, and decided that this was a case of intentional injury by an abusive parent.

For these reasons, the judgment of conviction will be set aside and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*